IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD LEE MAINS,

OPINION AND ORDER

Plaintiff,

18-cv-881-bbc

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Donald Lee Mains filed this lawsuit against the Social Security Administration, contending that he has not received retirement benefits from the United States to which he is entitled. (I have amended the caption to reflect that Andrew Saul, the current Commissioner of Social Security, is the proper defendant.) Plaintiff alleges that he started receiving social security retirement benefits in 2009, but that the benefits he receives are too low because the Social Security Administration has miscalculated his earnings from 2001 to 2008. In a previous order, I granted defendant's motion for a "more definite statement," that is, for plaintiff to explain his claims more clearly, dkt. #12, and I included a set of specific questions that plaintiff needed to address regarding his claims. Plaintiff has now responded, and I have reviewed his response to determine whether this case should proceed further. 28 U.S.C. § 1915(e)(2)(court may review case in which plaintiff is proceeding without prepayment of filing fee, and may dismiss case at any time if action is frivolous, malicious, fails to state claim upon which relief may be granted or seeks monetary

1

relief against defendant who is immune from such relief).

Plaintiff states in his response that he believes his monthly social security benefits are lower than they should be because the Social Security Administration has based his benefits on his "net income" from his self-employment, rather than his "gross income." He concedes that the net earnings listed on his earnings record produced by the administration is correct, dkt. #1-1, and concedes that he had no net earnings in 2001, 2002, 2003, 2004, 2006 or 2007. Dkt. #15. However, he contends that the administration should give him credit for his "gross earnings" during those years, because the administration gave him credit for gross earnings in years before 2001. (Plaintiff's gross earnings between 2002 and 2008 ranged from approximately $300,000 to $900,000.) Plaintiff contacted a social security field office on a number of occasions concerning his earnings record, but the administration has refused to modify his earnings record. (Plaintiff's supplemental filings also include allegations and complaints about the Internal Revenue Service, but as I explained to plaintiff in my previous order, plaintiff has not sued the Internal Revenue Service and the court will not consider any claim against the Internal Revenue Service in this case. I will deny plaintiff's request to subpoena the Internal Revenue Service for the same reason.)

Now that plaintiff has clarified the nature of his claim against the Social Security Administration, I conclude that plaintiff's claim likely must be dismissed. First, plaintiff has not shown that this court has jurisdiction over his claim. Under 42 U.S.C. § 405(g), this court has jurisdiction over any "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party . . . ." In this instance, it is not clear

2

whether plaintiff is challenging a "final decision of the Commissioner." Social security regulations define "final decisions" as decisions that are made after a claimant completes the administrative review process. 20 C.F.R. § 404.900(a)(5). Some administrative determinations do not confer a right to invoke the administrative review process, do not result in "final decisions," and are not subject to judicial review. 20 C.F.R. § 404.903. In particular, decisions "denying [a] request to reopen a determination or decision" do not result in "final decisions." Id. § 404.903(l). In this instance, the social security field office that responded to plaintiff's inquiries determined that plaintiff did not have any appeal rights with respect to its responses, meaning that plaintiff also has no right to judicial review.

On the other hand, plaintiff's claim may be challenging an administrative action that would permit administrative and judicial review. Agency determinations regarding "the amount of [a] benefit," a "recomputation of [a] benefit," and a "revision of [an] earnings record" are determinations that are subject to administrative and judicial review. Id. § 404.902(c), (d) and (n). If plaintiff's claim falls under one of these categories, he should have been given the opportunity to file an administrative appeal of the agency's rejection of his claim, and judicial review would be available.

However, even if this court has jurisdiction over plaintiff's claim, his claim appears to be meritless. Plaintiff contends that the Social Security Administration should calculate his retirement benefits based on his "gross earnings" from self-employment, but that would be directly contrary to the regulations that the agency must follow. According to the regulations, self-employment income is "based on [an individual's] net earnings from

self-employment during a taxable year." 20 C.F.R. § 404.1001(a)(5) (emphasis added). See also 20 C.F.R. § 404.1096 ("The term self-employment income means the net earnings from self-employment you derive in a taxable year."). "Net earnings" from self-employment consist of "gross income, as figured under subtitle A of the [Internal Revenue] Code, from any trade or business [the individual] carried on, less deductions attributed to [the individual's] trade or business that are allowed by that subtitle." 20 C.F.R. § 404.1080(a)(1). See also Conklin v. Celebrezze, 319 F.2d 569, 570 (7th Cir. 1963) ("'[N]et earnings' means gross income from a trade or business less trade or business deductions.") (citing 42 U.S.C. § 411(a)). In other words, the Social Security Administration considers the net profit from business activity. This understanding tracks the statutory basis for collecting social security taxes from self-employed individuals. 26 U.S.C. § 1401(a) (imposing tax "on the self-employment income of every individual"); id. § 1402(b) (defining self-employment income as "the net earnings from self-employment derived by an individual . . . .").

Plaintiff contends that before 2001, the Social Security Administration gave him credit for his "gross earnings" from self-employment. But even if this is true, that means only that the administration may have erred in applying the regulations. Plaintiff has no legal basis for insisting that the administration continue to apply federal regulations incorrectly.

In sum, it appears that plaintiff's claim must be dismissed, either because this court lacks jurisdiction over it, or because plaintiff has failed to state a claim upon which relief may

be granted.  Before dismissing the case, I will give plaintiff one opportunity to show cause why this case should not be dismissed.  If plaintiff chooses to respond, he should address only (1) the basis for jurisdiction over his claim, and (2) why his claim is not contrary to federal regulations controlling the calculation of self-employment income.


ORDER

IT IS ORDERED that

1.  Plaintiff Donald Lee Main's request for a subpoena for the Internal Revenue Service, dkt. #19, is DENIED.

2.  Plaintiff may have until November 13, 2019, to show cause why this case should not be dismissed for (1) lack of subject matter jurisdiction, or (2) failure to state a claim upon which relief may be granted.  Defendant Andrew Saul, Commissioner of Social Security, may have until November 27, 2019 to respond.  Plaintiff may have until December 6, 2019 to file a reply brief.

Entered this 23d day of October, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge