IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD LEE MAINS,

OPINION AND ORDER

        Plaintiff,

18-cv-881-bbc

    v.

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Donald Lee Mains is seeking retirement benefits from the Social Security Administration. He has been receiving benefits since 2009, but he says he would have been receiving them as early as 2001, had the administration properly based them on his "gross income" from his self-employment during the years 2001-2008, rather than on the "net income" he earned in six of those years (2001-2004, 2006 and 2007).

In an order entered on October 23, 2019, I explained to plaintiff why his claim was likely to be dismissed. First, as I noted, he had failed to show that this court has jurisdiction over his claim. To do so, he would have had to show that he was challenging "a final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). No such hearing took place in this case and plaintiff has not explained why he did not pursue the administrative review process that was available to him.

If plaintiff meant to challenge another kind of administrative action, such as a redetermination of the proper amount of a benefit or a revision of an earnings record, he has not shown what that challenge would have been. Although plaintiff believes that he should have been credited for the *gross* income he earned in the years 2001 and later, the Social Security Administration's regulations require the agency to base self-employment income on an individual's "*net* earnings from self-employment during the taxable year." (Emphasis added.) 20 C.F.R. 404.1001(a)(5). It is apparent that plaintiff believes that he was entitled to credit for his gross earnings, but he has not explained the basis for such a belief and I am not aware of any.

Plaintiff has been given opportunities to explain why he believes he is entitled to social security benefits based on his gross income in the years 2001-08, but he has not taken advantage of those opportunities to submit any evidence to the court to support his claim. In addition, he was given 60 days after the date on which he received notice of the initial determination of his benefits in which to request reconsideration of the determination, 20 C.F.R. § 404.909(a)(1), but he did not file a request. Moreover, plaintiff has not identified any basis for undertaking a re-computation of the benefits that he is seeking, <u>c.f.</u>, 20 C.F.R. § 404.287, so I have not considered that possibility. Finally, it is not necessary to consider a revision of any earnings report, because the time for requesting them expired several years before 2015, which is when plaintiff applied for retirement benefits. <u>See</u> 42 U.S.C. § 405(c)(1)(B) & (c)(4). The commissioner says that there is one exception that might cover plaintiff, but adds that it is wholly unlikely that it would. 42 U.S.C. § 405(c)(5) allows

correction of an earnings record in order to "conform the Commissioner's record to . . . tax returns or portions thereof," but, as the commissioner explains, under 20 C.F.R. § 404.903(i), "extending or not extending the time to file a report of earnings" is *not* an initial determination that carries appeal rights.

(I note that, in his response to the October 23 order, plaintiff explained his efforts to obtain the papers he needed to appeal the denial of his claim for disability benefits and the difficulties he has encountered in obtaining them. He also submitted copies of his medical records that he says render him 100% disabled, AR 24. I have disregarded his explanations and the accompanying materials relating to his disability because he did not assert any claim involving disability benefits when he brought his lawsuit and it is too late for him to add such a claim now.)

In short, plaintiff has failed to show why this court would have jurisdiction over his claim for greater earnings from the Social Security Administration. Accordingly, his lawsuit will be dismissed.

ORDER

IT IS ORDERED that plaintiff Donald Lee Mains's claim for greater retirement benefits from the Social Security Administration is DENIED for plaintiff's failure to show that he is entitled to such benefits and his lawsuit is DISMISSED.

Entered this 18th day of February, 2020.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge